# Exhibit 1

Case 1:20-cv-05540-ALC   Document 1-1   Filed 07/17/20   Page 2 of 42

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

OCTALUNA LLC, OCTALUNA II LLC,
OCTALUNA III LLC, PATRIARCH PARTNERS     Index No. _____
MANAGEMENT GROUP, LLC, and
PATRIARCH PARTNERS AGENCY SERVICES,
LLC,

                              Plaintiffs,          **SUMMONS**

-against-

RM ACQUISITION, LLC,

                              Defendant.

**TO THE ABOVE NAMED DEFENDANT**:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, of the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiffs' attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is completed if this summons

is not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

        The basis for venue is Plaintiffs' residences in New York County, and the parties'

contractual selection of this forum.

Case 1:20-cv-05540-ALC Document 1-1 Filed 07/17/20 Page 3 of 42

Dated: New York, New York
July 2, 2020

SHER TREMONTE LLP

By: /s/ Theresa Trzaskoma
     Theresa Trzaskoma
     Kimo S. Peluso
     Jennifer X. Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel:  (212) 202-2600
Email:ttrzaskoma@shertremonte.com
     kpeluso@shertremonte.com
     jluo@shertremonte.com

*Attorneys for Plaintiffs Octaluna LLC, Octaluna II, LLC, Octaluna III, LLC, Patriarch Partners Management Group, LLC, and Patriarch Partners Agency Services LLC*

TO:   RM Acquisition, LLC
     9855 Woods Drive
     Skokie, Illinois 60077

2

INDEX NO. 652883/2020
RECEIVED NYSCEF: 07/06/2020
Case 1:20-cv-05540-ALC   Document 1-1   Filed 07/17/20   Page 4 of 42

**SUPREME COURT OF THE STATE OF**
**NEW YORK COUNTY OF NEW YORK**

|  |  |
|---|---|
| OCTALUNA LLC, OCTALUNA II LLC, OCTALUNA III LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, and PATRIARCH PARTNERS AGENCY SERVICES, LLC, | Index No. |
| | **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| RM ACQUISITION, LLC, | |
| Defendant. | |

Plaintiffs Octaluna LLC ("Octaluna I"), Octaluna II LLC ("Octaluna II"),

Octaluna III LLC ("Octaluna III," and together with Octaluna I and Octaluna II, the

"Octaluna Entities"), Patriarch Partners Management Group, LLC ("PPMG"), and

Patriarch Partners Agency Services, LLC ("PPAS") (collectively, "Plaintiffs"), for their

Complaint against defendant RM Acquisition, LLC ("RM Acquisition" or "Defendant")

allege as follows:

## NATURE OF ACTION

1.     This action arises from unpaid amounts totaling nearly $2 million that

Defendant RM Acquisition owes to Plaintiffs.

2.     <u>First</u>, under the First Amended and Restated Operating Agreement of RM

Acquisition, LLC (the "Operating Agreement"), RM Acquisition was contractually

obligated to make mandatory tax distribution payments to its members. Because the

Octaluna Entities were the beneficial owners during those years of RM Acquisition's

1

membership interests, the Octaluna Entities were responsible for paying taxes associated with RM Acquisition. RM Acquisition was therefore obligated to make these tax distributions directly to the Octaluna Entities.

3.      In breach of the Operating Agreement, RM Acquisition failed to make such tax distributions to the Octaluna Entities for the 2018 tax year. Despite acknowledging such obligation and despite multiple demands for payment, RM Acquisition has not paid and still owes $843,077, plus interest, to the Octaluna Entities.

4.      Second, from September 2015 to March 2016, PPMG provided valuable management, operational, and consulting services to RM Acquisition pursuant to a Management Services Agreement (as amended in writing), and also incurred various expenses, including but not limited to litigation costs, in connection with its services for RM Acquisition.

5.      In violation of the Management Services Agreement, RM Acquisition has failed to pay PPMG for certain management fees and expenses. Although RM Acquisition has acknowledged the debts and never objected to the numerous invoices it received, RM Acquisition has not paid and still owes PPMG fees and expenses, which total at least $1,078,141.

6.      Third, Plaintiff PPAS provided valuable services as administrative agent under a Credit Agreement pursuant to which certain secured lenders made secured loans to RM Acquisition. Under that Credit Agreement, RM Acquisition agreed to pay PPAS an agent fee of $75,000 per year.

7.    In violation of the Credit Agreement, RM Acquisition has failed to pay PPAS agent fees totaling at least $75,000. RM has acknowledged this debt and never objected to the invoices it has received for this fee.

## THE PARTIES

8.    Plaintiff Octaluna I is a Delaware limited liability company with its principal place of business in New York.

9.    Plaintiff Octaluna II is a Delaware limited liability company with its principal place of business in New York.

10.    Plaintiff Octaluna III is a Delaware limited liability company with its principal place of business in New York.

11.    Plaintiff PPMG is a Delaware limited liability company with its principal place of business in New York.

12.    Plaintiff PPAS is a Delaware limited liability company with its principal place of business in New York.

13.    Defendant RM Acquisition is a Delaware limited liability company with its principal place of business in Skokie, Illinois.

## JURISDICTION

14.    This Court has personal and subject matter jurisdiction over this action pursuant to CPLR § 301 and § 302(a).

15.     Venue is proper in New York County pursuant to CPLR §§ 503(a) and (c).

3

## ALLEGATIONS

### RM Acquisition Owes the Octaluna Entities Mandatory Tax Distributions

16.     On April 29, 2008, Lynn Tilton, Zohar CDO 2003-1, Limited ("Zohar I"),
Zohar II 2005-1, Limited ("Zohar II") and Zohar III, Limited ("Zohar III" and, together
with Zohar I and Zohar II, the "Zohar Funds") entered into the Operating Agreement. The
Zohar Funds were recorded as Common Members and the Series A Preferred Members
of RM Acquisition.

17.     The Operating Agreement set forth the terms of the operations of RM
Acquisition. Among other things, that agreement provided that RM Acquisition's
"income, gains, losses, deductions and credits" would be allocated to the Members. The
Operating Agreement also provided that RM Acquisition would make mandatory tax
distributions to the Members to cover their tax obligations related to the company.
Specifically, Section 4.7 of the Operating Agreement provided that for each fiscal year,
RM Acquisition would distribute to the Members an amount equal to "the product of the
(x) maximum combined Federal and state income tax rate applicable to corporations (or
individuals, if higher) . . . times (y) the excess of the Net Income of the Company for
such Fiscal Year over the Net Losses of the Company for all prior Fiscal Years that have
not previously been used to reduce Net Income . . . ." Operating Agreement § 4.7.

18.     The Octaluna Entities were the beneficial owners of the RM Acquisition
membership interests for the tax years 2016 and 2018, and the tax liabilities associated
with RM Acquisition were reported on the Octaluna Entities' tax returns.

19.     Because of this relationship between the Zohar Funds and the Octaluna
Entities, the Octaluna Entities were the intended third-party beneficiaries of the Operating

Agreement's mandatory tax distribution provision. This is evidenced by the fact that each year RM Acquisition was obligated to make tax distributions, and RM Acquisition's recognition that it was obligated to make those payments directly to the Octaluna Entities.

20.     In 2017, for example, RM Acquisition acknowledged that it was obligated to make mandatory tax distributions to the Octaluna Entities for the 2016 tax year, but RM Acquisition did not have sufficient cash on hand to do so in a timely way. To resolve the issue, RM Acquisition entered into an agreement with the Octaluna Entities, whereby the Octaluna Entities agreed not to immediately enforce their rights to be paid those distributions and, in exchange, RM Acquisition promised to repay the amounts due for tax distributions on a later date, plus interest for any overdue amounts. RM Acquisition executed three promissory notes in favor of the Octaluna Entities reflecting the overdue amounts.

21.     On or about October 21, 2019, RM Acquisition was notified that, for the 2018 tax year, RM Acquisition owed $144,200 to Octaluna I, $480,000 to Octaluna II, and $218,877 to Octaluna III, which reflected the tax liabilities the Octaluna Entities incurred in connection with the RM Acquisition membership interests. RM Acquisition repeatedly acknowledged that it was obligated to pay these amounts to the Octaluna Entities. In fact, on October 31, 2019, RM Acquisition's CFO expressly acknowledged in an email that these amounts were owed to the Octaluna Entities but that RM Acquisition did not have sufficient liquidity to make timely payment.

22.     On March 17, 2020, the Octaluna Entities, which had in fact incurred tax liabilities associated with the RM Acquisition membership interests for the 2018 tax year, sent RM Acquisition invoices for the unpaid and outstanding tax distributions that RM

5

Acquisition owed to the Octaluna Entities, copies of which are attached hereto as **Exhibit A**. RM Acquisition never objected to the invoices or disputed that it owes the Octaluna Entities for these amounts.

23.     Despite acknowledging the debts, RM Acquisition still has not paid any of the mandatory tax distributions for the 2018 tax year to the Octaluna Entities and therefore owes the Octaluna Entities $843,077, plus interest.

24.     Moreover, RM Acquisition has enriched itself at the Octaluna Entities' expense and has unjustly benefitted from the Octaluna Entities' payment of 2018 taxes associated with the RM Acquisition membership interests. Rather than make the mandatory tax distributions, RM Acquisition was able to use those funds for its own benefit.

**RM Acquisition Owes PPMG for Management Services and Other Expenses**

25.     On November 20, 2010, PPMG and RM Acquisition entered into a Management Services Agreement ("MSA").

26.     Under the Management Services Agreement, PPMG was obligated to and did provide RM Acquisition with certain management, operational, and consulting services including "(a) general executive, professional, and management consulting services (including legal, tax and accounting services provided by PPMG or outside service providers; (b) identification, support, negotiation and analysis of acquisition and dispositions; (c) support, negotiation and analysis of financing alternatives . . . ; (d) finance functions, including assistance in the preparation of financial projections, and monitoring of compliance with financing agreements; (e) marketing functions . . .; and (f) human resource functions, including searching for and hiring executives." MSA § 1.

27. As partial consideration for the services provided by PPMG under the Management Services Agreement, RM Acquisition agreed to pay PPMG certain management fees each month. MSA § 3. In addition, RM Acquisition also agreed to pay PPMG for any "out of pocket costs and expenses," including "expenses for legal." MSA § 3(b).

28. The Management Services Agreement also required RM Acquisition to pay interest on any unpaid balance at a per annum rate of 5%, compounded annually from the date such amounts were initially due. MSA § 3(e).

29. On August 25, 2015, RM Acquisition and PPMG entered into a letter agreement amending the Management Services Agreement (the "2015 Amendment"). Among other things, the parties agreed that the "Management Fee" as defined in the Management Services Agreement would be $100,000 per month for each fiscal year.

30. Section 13 of the Management Services Agreement stated that "[n]o . . . waiver of any provision of this Letter Agreement shall be effective unless the same shall be in writing and signed by PPMG and the Companies . . . or by the waiving party (in the case of a waiver)." MSA § 13.

31. PPMG never agreed to waive any of its rights, in writing or otherwise.

32. RM Acquisition is also obligated to indemnify PPMG for all costs, disbursements, and fees (including attorney's fees) in connection with this action under the MSA, because this action has been caused by, relates to, and is based upon or otherwise arises out of or in connection with the engagement of PPMG under the Master Services Agreement or in connection with services provided thereunder. MSA § 7.

7

Case 1:20-cv-05540-ALC   Document 1-1   Filed 07/17/20   Page 11 of 42

33.     The Management Services Agreement is governed by New York law and contains a venue provision designating a New York state or federal court as the proper venue. MSA § 10.

34.     Each month from September 2019 through March 2020, PPMG continued to provide valuable management, operational, and consulting services to RM Acquisition under the Management Services Agreement.

35.     Specifically, as required by the Management Services Agreement, PPMG provided executive recruiting, operational, and consulting services, including the following: (a) general executive, professional, and management consulting services (including legal, tax and accounting services provided by PPMG or outside service providers); (b) identification, support, negotiation and analysis of acquisitions and dispositions; (c) support, negotiation and analysis of financing alternatives, including, without limitation, in connection with capital expenditures and refinancing of existing indebtedness; (d) finance functions, including assistance in the preparation of financial projections, and monitoring of compliance with financing agreements; (e) marketing functions, including monitoring of marketing plans and strategies; and (f) human resource functions, including searching for and hiring executives. MSA § 1.

36.     Each month between September 2019 to March 2020, PPMG sent RM Acquisition an invoice for PPMG's services in the amount of $100,000. Copies of these invoices are attached hereto as **Exhibit B**. RM never disputed that it owed PPMG the amounts on the invoices.

37.     PPMG also incurred legal fees and out-of-pocket expenses on behalf of RM Acquisition, as contemplated by the Management Services Agreement. Specifically,

PPMG paid $371,788 in legal expenses associated with protecting RM Acquisition's rights in *In re Zohar III, Corp.*, No. 18-10512 (Bankr. Del. 2018).

38.     On March 17, 2020, PPMG sent an invoice to RM Acquisition, a copy of which is attached hereto as **Exhibit C**, for certain outstanding amounts that RM Acquisition owed PPMG under the Management Service Agreement and 2015 Amendment: the $700,000 in outstanding management fees that had not yet been paid; $6,353 in reimbursable expenses; and $371,788 in legal fees and costs. RM Acquisition never disputed that it owes PPMG these amounts.

39.     In violation of its obligations under the Management Services Agreement, as amended by the 2015 Amendment, RM Acquisition has failed to pay the amounts due and owing.

40.     Moreover, RM Acquisition has enriched itself at PPMG's expense and has unjustly benefitted from PPMG's provision of valuable management, operational, and consulting services to RM Acquisition. RM Acquisition has also unjustly benefitted from PPMG's payment of certain third-party expenses on RM Acquisition's behalf.

**RM Acquisition Owes PPAS for Agent Fees**

41.     On December 6, 2007, RM Acquisition entered into a Credit Agreement with certain lenders. In the Credit Agreement the lenders appointed PPAS to act as the administrative agent and RM Acquisition specifically agreed to pay PPAS an "Agent Fee" of $75,000 every year. Credit Agmt. § 2.9.

42.     Section 10.7 of the Credit Agreement further provided that "[n]o failure or delay by any party in exercising any right, power or privilege under this Agreement or

any of the other Credit Documents will operate as a waiver of the right, power or privilege." Credit Agmt. § 10.7.

43. The Credit Agreement is governed by New York law, Credit Agmt. § 10.10, and contains a forum selection provision requiring any action to be brought in either a state or federal court in New York. Credit Agmt. § 10.8.

44. On September 25, 2018, PPAS sent RM Acquisition an invoice for $75,000 for its agent fees. A copy of the invoice is attached as **Exhibit D**. RM never disputed that it owed PPAS this amount.

45. In breach of its clear obligations under the Credit Agreement, RM Acquisition has failed to pay PPAS agent fees in the amount of $75,000.

46. Moreover, RM Acquisition has enriched itself at PPAS's expense and has unjustly benefitted from PPAS's provision of agency services in connection with RM Acquisition's secured debt.

### FIRST CLAIM FOR RELIEF
### <u>BREACH OF CONTRACT</u>
#### (By Plaintiffs Octaluna Entities for Breach of the Operating Agreement)

47. Plaintiffs Octaluna Entities repeat and re-allege each of the foregoing paragraphs as if fully set forth herein.

48. The Operating Agreement is a valid, legally enforceable written agreement.

49. The Octaluna Entities were intended third-party beneficiaries of the Operating Agreement's mandatory tax distribution provision.

50. It was the clear and manifest intent of the parties that RM Acquisition would make any mandatory tax distributions directly to the Octaluna Entities, which, for

Case 1:20-cv-05540-ALC   Document 1-1   Filed 07/17/20   Page 14 of 42

the 2016 and 2018 tax years, bore and paid tax liabilities associated with RM

Acquisition's membership interests.

51.     RM Acquisition breached its obligations to the Octaluna Entities under the

Operating Agreement by failing to pay $843,077 in mandatory tax distributions for the

2018 tax year to the Octaluna Entities. Specifically, RM Acquisition breached its

obligation to pay Octaluna I the amount of $144,200, Octaluna II the amount of

$480,666, and Octaluna III the amount of $218,877.

52.     As a direct and proximate result of Defendant's breaches, the Octaluna

Entities have suffered damages in an amount to be determined at trial, but in no event less

than $843,077, plus interest.

**SECOND CLAIM FOR RELIEF**
**<u>UNJUST ENRICHMENT</u>**

**(By Plaintiffs Octaluna Entities in the Alternative)**

53.     Plaintiffs Octaluna Entities repeat and re-allege each of the foregoing

paragraphs as if fully set forth herein.

54.     RM Acquisition has financially benefitted at the Octaluna Entities'

expense by allowing the Octaluna Entities to incur and pay 2018 tax liabilities as the

beneficial owner of the RM Acquisition membership interests without RM Acquisition

making mandatory tax distributions to the Octaluna Entities for the 2018 tax year.

55.     Plaintiffs Octaluna Entities are entitled to be paid at least $843,077 for the

2018 tax distributions that RM Acquisition failed to pay, plus interest on those amounts.

56.     It would be against equity and good conscience to permit RM Acquisition

to retain the monies rightfully belonging to the Octaluna Entities and would result in

Defendant's unjust enrichment.

11

**THIRD CLAIM FOR RELIEF**
**ACCOUNT STATED**
**(By Plaintiffs Octaluna Entities in the Alternative)**

57.     Plaintiffs Octaluna Entities repeat and re-allege each of the foregoing paragraphs as if fully set forth herein.

58.     On March 17, 2020, the Octaluna Entities rendered statements of account to RM Acquisition showing the amounts due for mandatory tax distributions for the 2018 tax year.

59.     RM Acquisition received and reviewed those invoices and never refuted the account stated, retaining the invoices without objection.

60.     Despite the Octaluna Entities' demand for payment, RM Acquisition has failed to make any payment on these accounts stated.

61.     As a result, the Octaluna Entities have been damaged by RM Acquisition in the amount of $843,077, plus interest.

**FOURTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(By Plaintiff PPMG Based on the Management Services Agreement)**

62.     Plaintiff PPMG repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

63.     The Management Services Agreement, as amended in 2015, is a valid, legally enforceable written agreement.

64.     PPMG has substantially performed its obligations under the Management Services Agreement, by, among other things, providing valuable management, operational and consulting services to RM Acquisition.

65.     RM Acquisition is in breach of its obligations to PPMG under the Management Services Agreement, as amended in 2015, because it has failed to pay PPMG management fees in the amount of $700,000, legal fees and costs in the amount of $371,788, and other reimbursable expenses in the amount of $6,353.

66.     RM Acquisition is also in breach of the implied covenant of good faith and fair dealing applicable to the Management Services Agreement because it has willfully deprived PPMG the chief benefits of its bargain—payment for services performed and costs incurred in connection with its management and consulting services.

67.     Defendant's breaches were material and had the effect of destroying the consideration that PPMG was to receive pursuant to the Management Services Agreement, as amended in 2015.

68.     As a direct and proximate result of Defendant's breaches, PPMG has suffered damages in an amount to be determined at trial, but in no event less than $1,078,141, plus interest.

### FIFTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (By Plaintiff PPMG in the Alternative)

69.     Plaintiff PPMG repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

70.     RM Acquisition has benefitted at PPMG's expense by receiving valuable management, operational, and consulting services from PPMG. RM Acquisition also benefited from PPMG's payments to third-parties for legal and other services on RM Acquisition's behalf.

13

71.     Plaintiff PPMG is entitled to be paid at least $1,078,141 for the services it provided to RM Acquisition and for the payments PPMG made to third parties on RM Acquisition's behalf.

72.     It would be against equity and good conscience to permit RM Acquisition to retain the services PPMG provided to RM Acquisition and/or paid for on RM Acquisition's behalf, and would result in Defendant's unjust enrichment.

### SIXTH CLAIM FOR RELIEF
### ACCOUNT STATED
### (By Plaintiff PPMG in the Alternative)

73.     Plaintiff PPMG repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

74.     Each month from September 2019 to March 2020, PPMG rendered statements of account to RM Acquisition showing the amounts due for management fees and other reimbursable expenses.

75.     RM Acquisition received and reviewed those invoices and never refuted the account stated, retaining the invoices without objection.

76.     Despite PPMG's demand for payment, RM Acquisition has failed to make any payment on this account stated.

77.     As a result, PPMG has been damaged by RM Acquisition in the amount of $1,078,141, plus interest.

### SEVENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (By Plaintiff PPAS Based on the Credit Agreement)

78.     Plaintiff PPAS repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

14

79.     The Credit Agreement is a valid, legally enforceable written agreement.

80.     Plaintiff PPAS has substantially performed its obligations under the Credit Agreement, by, among other things, providing services in its role as Agent.

81.     RM Acquisition breached its obligations under the Credit Agreement by failing to pay PPAS fees in the amount of $75,000.

82.     RM Acquisition further breached the implied covenant of good faith and fair dealing applicable to the Credit Agreement by willfully depriving PPAS the chief benefits of its bargain – payment for services performed and costs incurred in connection with its services as Agent thereunder.

83.     Defendant's breaches were material and had the effect of destroying the consideration that PPAS was to receive pursuant to the Credit Agreement.

84.     As a direct and proximate result of Defendant's breaches, PPAS has suffered damages in an amount to be determined at trial, but in no event less than $75,000.

### EIGHTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (By Plaintiff PPAS in the Alternative)

85.     Plaintiff PPAS repeats and re-allege each of the foregoing paragraphs as if fully set forth herein.

86.     RM Acquisition has benefitted at PPAS's expense by receiving PPAS's agency services in connection with RM Acquisition's secured debt to the Zohar Funds.

87.     Plaintiff PPAS is entitled to be paid for the services PPAS provided in connection with the Credit Agreement.

88.     It would be against equity and good conscience to permit RM Acquisition to retain the services PPAS provided, and would result in Defendant's unjust enrichment.

### NINTH CLAIM FOR RELIEF
### <u>ACCOUNT STATED</u>
### (By Plaintiff PPAS in the Alternative)

89.     Plaintiff PPAS repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

90.     On September 25, 2018, PPAS sent RM Acquisition an invoice showing the amount due for PPAS's agent fee.

91.     RM Acquisition received and reviewed that invoice and never refuted the account stated, retaining the invoice without objection.

92.     Despite PPAS's demand for payment, RM Acquisition has failed to make any payment on this account stated.

93.     As a result, PPAS has been damaged by RM Acquisition in the amount of $75,000, plus interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant jointly and severally as follows:

1.      Judgment in favor of Plaintiffs in an amount to be proven at trial, but no less than $1,989,865, specifically:

      a.   Judgment in favor of Octaluna I in the amount of $144,200, plus interest;

      b.   Judgment in favor of Octaluna II the amount of $480,666, plus interest;

      c.   Judgment in favor of Octaluna III the amount of $218,877, plus interest;

      d.   Judgment in favor of PPMG in the amount of $1,078,141, plus interest;

      e.   Judgment in favor of PPAS in the amount of $75,000, plus interest; and

2.      An award of costs and expenses of this action together with reasonable attorneys' fees; and

3.      An award granting Plaintiffs such other and further relief as the Court may deem just and proper.


Dated:  New York, New York
      July 2, 2020

SHER TREMONTE LLP


By:   */s/ Theresa Trzaskoma*
      Theresa Trzaskoma
      Kimo S. Peluso
      Jennifer X. Luo
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
ttrzaskoma@shertremonte.com
kpeluso@shertremonte.com
jluo@shertremonte.com

*Attorneys for Plaintiffs Octaluna LLC, Octaluna
II, LLC, Octaluna III, LLC, Patriarch Partners
Management Group, LLC, and Patriarch
Partners Agency Services, LLC*

# Exhibit A

## Octaluna LLC

# INVOICE

1 Liberty Plaza, 35th FL
New York, NY 10006
Phone 212-825-0550   Fax 212-825-2038

**DATE:** February 28, 2020
**INVOICE #** Stmt 2/28/2020
**FOR:** *Services Rendered*

**Bill To:**

RM Acquisition, LLC
9855 Woods Drive
Skokie, IL 60077

| DESCRIPTION | AMOUNT |
|---|---|
| Tax Distribution 2016 | $    199,401.01 |
| Tax Distribution 2018 |      144,200.00 |
| **TOTAL** | $    343,601.01 |

Make all checks payable to **Octaluna LLC**

# Octaluna II LLC

# INVOICE

1 Liberty Plaza, 35th FL
New York, NY 10006
Phone 212-825-0550   Fax 212-825-2038

**DATE:** February 28, 2020
**INVOICE #** Stmt 2/28/2020
**FOR:** *Services Rendered*

**Bill To:**

RM Acquisition, LLC
9855 Woods Drive
Skokie, IL 60077

| DESCRIPTION | AMOUNT |
|---|---|
| Tax Distribution 2016 | $    411,857.56 |
| Tax Distribution 2018 | 480,666.00 |
| **TOTAL** | $    892,523.56 |

Make all checks payable to **Octaluna II LLC**

## Octaluna III LLC

# INVOICE

1 Liberty Plaza, 35th FL
New York, NY 10006
Phone 212-825-0550   Fax 212-825-2038

**DATE:** February 28, 2020
**INVOICE #** Stmt 2/28/2020
**FOR:** *Services Rendered*

**Bill To:**

RM Acquisition, LLC
9855 Woods Drive
Skokie, IL 60077

| DESCRIPTION | AMOUNT |
|---|---|
| Tax Distribution 2016 | $    302,663.70 |
| Tax Distribution 2018 | 218,877.00 |
| **TOTAL** | $    521,540.70 |

Make all checks payable to **Octaluna III LLC**

# Exhibit B

FILED: NEW YORK COUNTY CLERK 07/02/2020 07:59 PM
NYSCEF DOC. NO. 4

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 9/1/2019 | 1708-710 |

**Bill To**

RM Acquisition, LLC
9855 Woods Drive
Attn: Accounts Payable
Skokie, IL 60077

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Net 30 | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

**Current Total**    **USD 100,000.00**

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 10/1/2019 | 1708-733 |

| Bill To |
|---------|
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          | Net 30 |        |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|          | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

| **Current Total** | **USD 100,000.00** |
|-------------------|--------------------|

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 11/1/2019 | 1708-756 |

**Bill To**

RM Acquisition, LLC
9855 Woods Drive
Attn: Accounts Payable
Skokie, IL 60077

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Net 30 |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

**Current Total**    **USD 100,000.00**

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 12/1/2019 | 1708-778 |

| Bill To |
|---------|
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Net 30 |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

| **Current Total** | **USD 100,000.00** |
|-------------------|---------------------|

**Patriarch Partners Management Group LLC**

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 1/1/2020 | 1708-799 |

| Bill To |
|---------|
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Net 30 |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

| **Current Total** | **USD 100,000.00** |
|---|---|

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
|------|-----------|
| 2/1/2020 | 1708-820 |

| Bill To |
|---------|
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Net 30 |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

| **Current Total** | **USD 100,000.00** |
|---|---|

Patriarch Partners Management Group LLC

# Invoice

One Liberty Plaza
35th Floor

| Date | Invoice # |
| --- | --- |
| 3/1/2020 | 1708-840 |

| Bill To |
| --- |
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
| --- | --- | --- |
|  | Net 30 |  |

| Quantity | Description | Rate | Amount |
| --- | --- | --- | --- |
|  | PPMG Management Fees Current Month | 100,000.00 | 100,000.00 |

Wiring Instructions:
Patriarch Partners Management Group
Bank: BB&T
Address: 200 S. College Street, Charlotte, NC 28202
ABA: 053101121
Acct No.: 5294558596

| **Current Total** | **USD 100,000.00** |
| --- | --- |

# Exhibit C

Case 1:20-cv-05540-ALC   Document 1-1   Filed 07/17/20   Page 35 of 42

# Patriarch Partners Management Group LLC

# INVOICE

1 Liberty Plaza, 35th FL
New York, NY 10006
Phone 212-825-0550   Fax 212-825-2038

**DATE:** February 28, 2020
**INVOICE #** Stmt 2/28/2020
**FOR:** *Services Rendered*

**Bill To:**

RM Acquisition, LLC
9855 Woods Drive
Skokie, IL 60077

| DESCRIPTION | AMOUNT |
|---|---|
| PPMG Mgmt Fees | $  700,000.00 |
| Other Reimburseable Expenses | 6,353.00 |
| Legal Fees and Costs | 371,788.00 |
| **TOTAL** | **$  1,078,141.00** |

Make all checks payable to **Patriarch Partners Management Group LLC**

# Exhibit D

Patriarch Partners Agency Services

One Liberty Plaza, 35th Floor
New York, NY 10006

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/25/2018 | 1434 |

| Bill To |
|---------|
| RM Acquisition, LLC<br>9855 Woods Drive<br>Attn: Accounts Payable<br>Skokie, IL 60077 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
|  | Annual Agency Fees | 75,000.00 | 75,000.00 |

| | **Total** | $75,000.00 |
|-|-----------|------------|

UCS-840
(rev. 07/29/2019)



# REQUEST FOR JUDICIAL INTERVENTION

### New York Supreme COURT, COUNTY OF New York

Index No: _____   Date Index Issued: _____

**For Court Use Only:**

**IAS Entry Date**

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. |
|---|---|

Octaluna LLC, Octaluna II, LLC, Octaluna III, LLC, Patriarch Partners Management Group, LLC, Patriarch Partners Agency Services, LLC

**Judge Assigned**

-against-                                                                    Plaintiff(s)/Petitioner(s)

RM Acquisition, LLC

**RJI Filed Date**

Defendant(s)/Respondent(s)

| **NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated. |
|---|

**COMMERCIAL**

- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [x] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**REAL PROPERTY:**   Specify how many properties the application includes: _____

- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):   [ ] Residential   [ ] Commercial
  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* **FORECLOSURE RJI ADDENDUM (UCS-840F)**.

- [ ] Tax Certiorari - Section:        Block:        Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify): _____

**OTHER MATTERS**

- [ ] Certificate of Incorporation/Dissolution   [see **NOTE** in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify): _____

**MATRIMONIAL**

- [ ] Contested
  *NOTE: If there are children under the age of 18, complete and attach the* **MATRIMONIAL RJI Addendum (UCS-840M)**.

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* **(UD-13)**.

**TORTS**

- [ ] Asbestos
- [ ] Child Victims Act
- [ ] Environmental (specify): _____
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify): _____
- [ ] Other Negligence (specify): _____
- [ ] Other Professional Malpractice (specify): _____
- [ ] Other Tort (specify): _____

**SPECIAL PROCEEDINGS**

- [ ] CPLR Article 75 (Arbitration)   [see **NOTE** in **COMMERCIAL** section]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify): _____
- [ ] Other Special Proceeding (specify): _____

| **STATUS OF ACTION OR PROCEEDING:**   Answer YES or NO for every question and enter additional information where indicated. |
|---|

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [ ] | [x] | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | [ ] | [x] | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: _____ |

| **NATURE OF JUDICIAL INTERVENTION:**   Check one box only and enter additional information where indicated. |
|---|

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice      Date Issue Joined: _____
- [ ] Notice of Motion                                         Relief Requested: _____      Return Date: _____
- [ ] Notice of Petition                                       Relief Requested: _____      Return Date: _____
- [ ] Order to Show Cause                                      Relief Requested: _____      Return Date: _____
- [ ] Other Ex Parte Application                               Relief Requested: _____
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [x] Other (specify):   Appointment of Justice; assignment to Commercial Division

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| Octaluna III, LLC v. Libertas Copper, LLC | 652656/2020 | NYSC Commercial Division | Justice Sherwood | Overlapping parties and issues. |
| Octaluna, LLC v. RM Acquisition, LLC | 652625/2020 | NYSC Commercial Division | None | Overlapping parties and issues. |
| | | | | |
| | | | | |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Octaluna LLC<br><br>Role(s): Plaintiff/Petitioner | THERESA TRZASKOMA, SHER TREMONTE LLP, 90 Broad St FL 23 , New York, NY 10004, ttrzaskoma@shertremonte.com | ☐ YES ☒ NO | |
| ☐ | Name: Octaluna II, LLC<br><br>Role(s): Plaintiff/Petitioner | THERESA TRZASKOMA, SHER TREMONTE LLP, 90 Broad St FL 23 , New York, NY 10004, ttrzaskoma@shertremonte.com | ☐ YES ☒ NO | |
| ☐ | Name: Octaluna III, LLC<br><br>Role(s): Plaintiff/Petitioner | THERESA TRZASKOMA, SHER TREMONTE LLP, 90 Broad St FL 23 , New York, NY 10004, ttrzaskoma@shertremonte.com | ☐ YES ☒ NO | |
| ☐ | Name: Patriarch Partners Management Group, LLC<br>Role(s): Plaintiff/Petitioner | THERESA TRZASKOMA, SHER TREMONTE LLP, 90 Broad St FL 23 , New York, NY 10004, ttrzaskoma@shertremonte.com | ☐ YES ☒ NO | |
| ☐ | Name: Patriarch Partners Agency Services, LLC<br>Role(s): Plaintiff/Petitioner | THERESA TRZASKOMA, SHER TREMONTE LLP, 90 Broad St FL 23 , New York, NY 10004, ttrzaskoma@shertremonte.com | ☐ YES ☒ NO | |
| ☒ | Name: RM Acquisition, LLC<br><br>Role(s): Defendant/Respondent | 9855 Woods Drive, Skokie, IL 60077 | ☐ YES ☒ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br><br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _07/02/2020_

_THERESA MARIE TRZASKOMA_
Signature

_2978864_
Attorney Registration Number

_THERESA MARIE TRZASKOMA_
Print Name

*This form was generated by NYSCEF*

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF New York**

_____x

Octaluna LLC, Octaluna II, LLC, Octaluna III, LLC, Patriarch Partners Management Group, LLC, Patriarch Partners Agency Se...

**Plaintiff(s)/Petitioner(s)**

-against-

RM Acquisition, LLC

**Defendant(s)/Respondent(s)**

_____x

**Index No:**

**RJI No. (if any):**

## COMMERCIAL DIVISION

**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- [x] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

- [ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

- [ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

- [ ] Shareholder derivative actions — without consideration of the monetary threshold

- [ ] Commercial class actions — without consideration of the monetary threshold

- [ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

- [ ] Internal affairs of business organizations

- [ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

- [ ] Environmental insurance coverage

- [ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

- [ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

- [ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

1989865.00

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) and (c).**

**Dated:**   07/02/2020

THERESA MARIE TRZASKOMA

**SIGNATURE**

THERESA MARIE TRZASKOMA

**PRINT OR TYPE NAME**

*This form was generated by NYSCEF*

**Caption Rider Sheet**

Octaluna LLC, Octaluna II, LLC, Octaluna III, LLC, Patriarch Partners Management Group, LLC, Patriarch Partners Agency Services, LLC

**Plaintiff(s)/Petitioner(s)**

**VS.**

**Defendant(s)/Respondent(s)**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
OCTALUNA LLC, OCTALUNA II LLC,
OCTALUNA III LLC, PATRIARCH PARTNERS
MANAGEMENT GROUP, LLC, and
PATRIARCH PARTNERS AGENCY SERVICES,
LLC,

           Plaintiffs,                            Index No.

     -against-                             AFFIDAVIT OF SERVICE

RM ACQUISITION, LLC,

           Defendant.
-------------------------------------------------------------------X
STATE OF ILLINOIS  )
               S.S.:
COUNTY OF COOK )

        **MICHAEL NOBLE**, being duly sworn, deposes and says that he is over the age of eighteen

years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 7th day of July, 2020, at approximately 1:21pm, deponent served a true copy of the

**SUMMONS; COMPLAINT; REQUEST FOR JUDICIAL INTERVENTION; RJI ADDENDUM; and**

**NOTICE OF ELECTRONIC FILING** upon **RM ACQUISITION, LLC** at 8770 Bryn Mawr Ave. 13th Floor,

Chicago, IL 60631, by personally delivering and leaving the same with **BONNIE KLEINMARK**, who informed

deponent that she is a HR Coordinator and is authorized to receive service at that address.

        **BONNIE KLEINMARK** is a white female, approximately 60 years of age, stands approximately

5 feet 4 inches tall, and weighs approximately 140 pounds with gray hair.

_____
**MICHAEL NOBLE**

Sworn to before me this
____14____ day of July, 2020

_____
NOTARY PUBLIC

OFFICIAL SEAL
N BACHKOVA
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires August 28, 2021

.L.S., Inc.
01 Broadway
uite 510
ew York, NY 10013
12-925-1220
ww.dlsnational.com

1 of 1