**LATHAM & WATKINS** LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 31, 2020

<u>VIA ECF</u>

The Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>*Octaluna LLC, et al. v. RM Acquisition, LLC*</u>, 20-cv-5540-ALC

Dear Judge Carter:

  We represent RM Acquisition, LLC ("RM Acquisition") in the above-captioned action. Pursuant to Your Honor's Individual Practices, we write to request permission to file RM Acquisition's Opposition to Plaintiffs' Motion to Remand (the "Opposition") and one exhibit under seal.

  In support of its Opposition, RM Acquisition intends to submit as an exhibit the Adversary Complaint ("Adversary Complaint"), dated March 9, 2020, filed by Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd. (the "Debtors") in an adversary proceeding (the "Adversary Proceeding") pending before the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). Plaintiffs are parties to the Adversary Proceeding, which concerns certain transactions entered into by Plaintiffs and RM Acquisition, as well as other portfolio companies of the Debtors. The Adversary Complaint was filed under seal, without objection, in the Bankruptcy Court. Plaintiffs have consented to the filing of the Adversary Complaint under seal in this action.

  While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. . . .  [A]fter determining the weight of the presumption of access, the court must balance competing considerations against it . . . [including] the privacy interests of those resisting disclosure.") (citations and internal quotation marks omitted).

LATHAM&WATKINS LLP

      The Adversary Complaint contains commercially sensitive information of the parties to the Adversary Proceeding and the portfolio companies of the Debtors, including RM Acquisition. The Opposition contains references to and quotations from the Adversary Complaint. The portfolio companies, including RM Acquisition, are the subject of an ongoing monetization process to maximize the value of the Debtors' estate, and disclosure of the information in the Adversary Complaint could impact the ability of the Debtors and the portfolio companies to successfully conclude the monetization process. Courts may permit parties to file documents under seal that could affect contract negotiations. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (sealing documents containing confidential employment information, "the disclosure of which could affect future contract negotiations").

      Furthermore, this commercially sensitive information concerns entities that are not parties to this action—namely, the Debtors in the Bankruptcy Proceedings, certain affiliates of Plaintiffs, and the other portfolio companies of the Debtors. Preserving the confidentiality of the Adversary Complaint and certain references to it in RM Acquisition's Opposition Memorandum of Law will protect the business interests of those non-parties. *See Securities and Exchange Commission v. Telegram Group Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.").

      For the foregoing reasons, RM Acquisition respectfully requests that the Adversary Complaint and Opposition be filed under seal in order to protect the confidentiality interests of the parties to the Adversary Proceedings and RM Acquisition. RM Acquisition further requests leave to file a redacted public version of its Opposition, redacting certain references to commercially sensitive information contained in the Adversary Complaint.

      Respectfully submitted,

      /s/ Christopher J. Clark
      Christopher J. Clark
      of LATHAM & WATKINS LLP

      *Attorneys for Defendant RM Acquisition, LLC*

cc: All counsel of record (via ECF and electronic mail)